## THE FRANKLIN MILL COMPANY *et al.*

*v.*

## PHILIP SCHMIDT *et al.*

1. CHANCERY—*bill to account and to enjoin a judgment at law—proper decree to be rendered.* Certain persons formed themselves into a corporate company, under the general law, for the purpose of building a mill, and subscribed a paper by which they agreed to pay certain sums of money in instalments. The mill was built, but proving unprofitable, it was sold at auction, upon a vote of a majority of the stockholders. The company being in debt, the trustees sued and recovered judgments against the stockholders on their subscription. Upon bill filed by the latter, to enjoin the judgments, and for an accounting by the trustees, it was held to be proper to stay the collection of the judgments until an account should be taken.

2. But in such case, it was error to merely render a decree enjoining the collection of the judgments, the bill disclosing no grounds of defense which might not have been availed of in the suits at law, or any reason why any defense which existed was not interposed in those suits.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are fully presented in the opinion.

Mr. THEO. J. KRAFFT, for the appellants.

Mr. WM. H. UNDERWOOD, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1858, the complainants in this case united with other persons to form a corporate company, under the general law, known as The Franklin Mill Company, and subscribed a paper whereby they agreed to pay certain sums of money in annual instalments, for which they were to receive certain amounts of stock. The company was organized, and the mill was built,

but proving an unprofitable investment, was, by the vote of a large majority of the stockholders, sold at auction. The company being in debt, the trustees brought suits against the complainants upon their subscription, and recovered judgments for the three instalments that were due. The defendants in those judgments subsequently filed the bill in this case, to enjoin their collection, and the court decreed in their favor, whereupon the trustees appealed.

The counsel for defendants in error raise a question upon the validity of the sale of the mill, but we find nothing in the record to bring it before us. The bill merely states the fact that a sale was made to three of the stockholders, but contains no allegations for the purpose of impeaching it, nor does it pray that it be set aside, nor did the circuit court make any decree in regard to it.

The objects of the bill were to enjoin the collection of the judgments and procure an account. We are of opinion the court erred in merely rendering a final decree enjoining the judgments. Nothing is alleged against them which might not have been set up in the actions at law, and the complainants show no reason why they did not avail themselves, in those suits, of whatever defense they had. The judgments settle their liability as stockholders to the extent of the recovery, and the only relief they are entitled to, on the face of their bill, is the taking of an account ascertaining the condition of the company, and the receipts and expenditures of the trustees. The trustees, in their answer, assent to such a decree, and ask that the court fix the amount to be paid towards the debts of the company by the several stockholders, all of whom are made parties to the bill, and as the complainants ask the same thing, we see no reason why it should not be done. Until the account is taken, it would be proper to stay the collection of the judgments.

The decree is reversed and the cause remanded.

*Decree reversed.*